1  MITCHELL E. BOUYER, SR
2  MARTHA E. BOUYER
3  P.O. Box 138
   Brisbane, CA 94005
4  (415) 467-6630

5  Plaintiffs in pro per
6



7
8
9
10          **UNITED STATES DISTRICT COURT**

11          **NORTHERN DISTRICT OF CALIFORNIA**
12

13  MITCHELL E. BOUYER, SR.,              )  Case No.: CV 08-05582-EDL
14  MARTHA E. BOUYER,                     )
                                          )
15          Plaintiff,                    )  **PLAINTIFFS' EX PARTE
                                          )  APPLICATION FOR
16                                        )  PRELIMINARY INJUNCTION AND
        vs.                               )  TEMPORARY RESTRAINING
17                                        )  ORDER TO STAY PENDING
    FEDERAL DEPOSIT INSURANCE             )  FORECLOSURE AUCTION SALE;
18  CORPORATION , as Receiver For         )  DECLARATION OF MITCHELL E.
    Indymac Bank, FSB and as              )  BOUYER AND MARTHA E.
19  Conservator For Indymac Federal       )  BOUYER; PROPOSED ORDER.**
20  Bank  formerly known as INDYMAC       )
    FEDERAL BANK, AND DOES 1 TO           )  Action Filed: 12/15/2008
21  10,  inclusive,                       )
22                                        )  **EMERGENCY REQUEST**
23          Defendants                    )

24
25      Plaintiffs, Mitchell E. Bouyer, Sr. and Martha E. Bouyer (collectively

26  "Bouyer") seek emergency stay of the pending sale set for Friday June 19,

27
28  2009 of their family home located at Brisbane, California.  They were

                                    1

    EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

promised a modification and stay of any sale of their family home at Brisbane, believed FDIC and apologize for this emergency request.

The Spanish speaking person "Jose" communicating with Plaintiffs is overwhelmed with their work load and simply are unable to or do not return our calls. We are alarmed that now FDIC is taking our home; our property is set for sale on Friday June 19, 2009 at noon. We are senior citizens with special medical needs. Martha Bouyer has knee surgery and severe painful complications which hamper her movements. This matter has escalated into an emergency injustice which we thought was being resolved with a modification.

The complaint filed herein was brought against Indymac Bank, FSB who was substituted with the proper defendant party Federal Deposit Insurance Corporation , as Receiver For Indymac Bank, FSB and as Conservator For Indymac Federal Bank: ("FDIC") for and in the place of the entity formerly known as " Indymac Federal Bank". Plaintiffs submitted their Proof of Claim to FDIC after learning in January 2009 that FDIC was appointed as the "Receiver" for IndyMac Bank since they were not aware of IndyMac's closed status.

2

Plaintiffs request the Court to issue an ORDER to stop the sale of property at 88 Beatrice Road, Brisbane, California 94005 (Brisbane property"), scheduled for June 19th, 2008, for the reasons set forth herein. This sale is illegal, as there is an open lawsuit involving FDIC as receiver for IndyMac as to the legality of the original loan. Plaintiffs believed that this sale was stayed by FDIC and never notified of this pending sale and found out about it quite by accident, through a continued questioning and requests for progress on modification procedures. Upon learning about this scheduled sale; Plaintiff contacted them to postpone this sale until this case has been decided. The attorney office for FDIC said that they had no authority to stop this sale and that we needed to contact the Trustee of the Sale. Plaintiff then contacted the Trustee of the Sale, and was told that by this Trustee they were not required to notify us of this pending sale. When Plaintiff told them that the sale was illegal, due to the pending lawsuit, she was told that they, the Trustee, had no knowledge or record of an impending halt by a lawsuit on this property. Plaintiff respectfully asks the Court to notice that this statement is ludicrous; as FDIC has responded to the complaint; and the Court has recorded that FDIC is on record for being the receiver and party in this matter. Also, FDIC has asked for time to

3

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

review our Proof of Claim for this matter and, if there was no recognized need to stay any foreclosure auction sale, then why would they have done this?

The Trustee says that the foreclosing Company has to have the sale postponed, as they, as Trustee, have no authority in this manner. Plaintiffs have called only to be told that the sale is set for Friday June 19, 2009. As a follow-up on the modification process, Plaintiffs attempted to call and faxed to confirm their status. This was not a simple thing to do, as Plaintiffs had no phone numbers and could not provide us with a direct line to talk with someone in charge. Plaintiffs finally obtained the required number and after getting this telephone number, Plaintiffs made several attempts over the past few days to talk with their modification "Jose" but only gets his voice message recording. Plaintiffs left voice messages requesting him to call them back; they also left a message regarding the fax and the lawsuit and requested that the sale be postponed. To date, Plaintiffs have had no response from FDIC, or Jose regarding this matter.

It is Plaintiffs' belief that, since FDIC is a receiver for IndyMac; they believe themselves to be immune to the normal law proceedings and are not required to recognize this lawsuit. The claim process is very

4

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

complicated since they have so many.   The fact that this Defendant uses different names should not defeat Plaintiff's cause of action where corrective action should be taken.

As a receiver, the entity should still be held responsible for their actions when dealing with the public.  Plaintiffs believe that FDIC has chosen to ignore this lawsuit in an attempt to put Plaintiffs in precarious position by selling the home out-from-under them as it is a valuable party and, thus complicating this matter with more confusion.

THEREFORE, Plaintiff respectfully request the Court to order Defendant FDIC as receiver recognize basis of this lawsuit and halt the sale of the subject Brisbane property immediately; and to take no further action to remove the Plaintiffs from their home Brisbane property until this case has been heard and decided upon by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs will suffer irreparable injury if the foreclosure sale scheduled for Friday June 19, 2009 is not enjoined until plaintiffs have a fair and adequate opportunity to have their claims heard.  Plaintiffs have a lawful right to their property and are clear that a fraud was perpetrated on them based on the loan documents and lender actions. Simply put the

5

defendants have no standing to proceed against plaintiffs in foreclosure by their conduct in failure to provide validation and verification of the alleged debt documents and for all reasons stated herein.

When the potential harm to plaintiffs is balanced against the rights of the defendant, greater injury will be inflicted upon plaintiffs as senior citizens in the loss of their family home than upon defendants who have nothing to lose by the stay of the pending auction sale.

The public interest will be served by allowing plaintiff to remain in the home, preventing them from becoming homeless and displaced senior citizens from their unique hillside property since 1984. Their home was built by them by their own labor and is uniquely irreplaceable.

Plaintiff has attempted to give notice of these proceedings and this request for a temporary restraining Order as evidenced by the certificate of service which accompanies this request not withstanding their delay of response.

## **LAW AND ARGUMENT**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief or temporary restraining orders in order to prevent "immediate and 6 relief or temporary restraining orders in

6

order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b).

This equitable relief is within the discretion of the Court after balancing

various factors. *Benda* v. *Grand Lodge of the Int'l Assoc. of Machinists &*

*Aerospace Workers,* 584 F.2d 308,314 (9th Cir. 1978). Traditionally, the

"criteria for granting  preliminary injunctive relief are (1) a strong likelihood

of success on the merits, (2) the possibility of irreparable injury to plaintiff if

the preliminary relief is not granted, (3) a balance of hardships favoring the

plaintiff, and (4) advancement of the public interest (in certain cases)."

*Dollar Rent A Car* v. *Travelers Indem. Co.,* 774 F.2d 1371, 1374 (9th Cir.

1985); *see, e.g., Save  Our Sonoran, Inc.* v. *Flowers,* 408 F.3d 1113, 1120

(9th Cir. 2005); *Johnson* v. *Cal. State Bd. of 14 Accountancy,* 72 F.3d

1427, 1430 (9th Cir. 1995).

Alternatively, the Court may grant temporary relief on a lesser

showing of probable success. "If the harm that may occur to the plaintiff is

sufficiently serious, it is only necessary that there be a fair chance of

success on the merits." *William Inglis & Sons Baking Co.* v. *ITT Continental*

*Baking Co.,* 526 F.2d 86,88 (9th Cir. 1975) (quoting C. *Tennant & Sons,*

*Inc.* v.  *NY Terminal Conference,* 299 F. Supp. 796, 799 (S.D.N.Y. 1969));

see *Johnson,* 72 F.3d at 1430; *Benda,* 584 F.2d at 314. The burden may

7

be met by demonstrating either "a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." *Wright* v. *Rushen,* 642 F.2d 1129, 1132 (9th Cir. 1981); *see Sonoran* 408 F.3d at 1120 (explaining that "[t]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are ... outer reaches of a single continuum." (Citations omitted)); *Johnson,* 72 F.3d at 1430; *Sports Form, Inc.* v. *United Press Int'l, Inc.,* 686 F.2d 751, 752 (9th Cir. 1982); *Benda* 584 F.2d at 314.

Moreover, preliminary relief in the form of a temporary restraining order can be granted without notice when immediate and irreparable injury would result. Fed. R. Civ. P. 65(b). *"Ex2 parte* temporary restraining orders are no doubt necessary in certain circumstances but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters* & *Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 439, 94 S. Ct. 1113 (1974). When the

8

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

requirements of Rule 65 are met and the applicant "sufficiently demonstrates the reason that notice should not be required," an *ex parte* temporary restraining order may be issued. *In re Vuitton et Fils SA., 606* F.2d **1,4** (2d Cir. 1979) (internal quotation marks omitted) (noting this relief is particularly appropriate "when it is the sole method of preserving a state of affairs in which the court can provide effective final relief'). Moreover, if notice would "render fruitless further prosecution of the action," which is contrary to the intent of the Rule, notice is not necessary for the issuance of a temporary restraining order. *Id.* at 5; *Am. Can Co. v. Mansukhani,* 742 F.2d 314,322 (7th Cir. 1984); *see also Adobe Sys., Inc. v. S Sun Prods., Inc.,* 187 F.R.D. 636, 639 (S.D. Cal. 1999).

In this matter the court is compelled to protect senior citizens from abuse and provide relief to preserve the status of their unique Brisbane property from waste at auction sale where it will be lost forever. Immediate irreparable harm will result to plaintiffs and alternatively a stay will preserve the status quo and cause no harm to the defendants.

## UNDERLYING BACKGROUND FACTS CONCERNING BRISBANE

IndyMac knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, misrepresentation or material omission

9

during the mortgage lending process that is relied on by the mortgage lender, borrower or other party to the mortgage lending process.

Plaintiffs state: IndyMac or any FDIC's attorney and all the alleged defendants are very aware of the misleading and deceptive nature of their banking operation. They have used deliberate misstatement, misrepresentation, and misrepresentation or material omission and has committed fraud upon this court through deceitfulness and deceptive and fraud upon this court.

IndyMac receives any proceeds or monies in connection with a residential mortgage loan that the person knows resulted from a violation of banking and lending law.

Plaintiffs state; the broker and/or the alleged original received monies for their participation in lending violations and continued in predatory practices to take away Bouyers' unique family property.

Defendant(s) files or causes to be filed with the office of the county recorder or any county of this state residential mortgage loan documents that the person knows to contain a deliberate misstatement, misrepresentation or material omission.

10

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

Plaintiffs state: that any FDIC Attorney knows that the real grantor and/or trustor having the legal right to appoint a legal trustee are the Plaintiffs who have priority rights. IndyMac/FDIC has mislead through fraud and illegally seek to sale the Bouyers' home when they know that it is not the legal trustee through lack of real consideration and is intentionally concealing the real truths from the court.

An offense involving residential mortgage fraud shall not be based solely on information that is lawfully disclosed under federal disclosure laws, regulations and interpretations related to the lending process.

Plaintiffs state: Bouyers hereby state that all the applicable penalties and other statutory violations should be imposed upon all the parties for their deliberate and intentional harassing, abusive, oppressive, false and misleading statements and actions and the false prosecution of and the stealing of their Brisbane family home.

Plaintiffs are raising is "unconscionability is not merely a defensive doctrine but rather it goes to the predicate of whether a contract was validly formed in the first place." *California Grocers Ass'n, Inc. v. Bank of America*, **22 Cal.App.4th 205, 217 1994):** and the "Doctrine of Unconscionability," procedural and/or substantively are the tools to

11

determine the validity of any contract thus ignoring for now the four main elements of a contract.

Plaintiffs are raising the unconscionability as referenced in "***Blake v. Ecker*, 93 Cal.App.4th 728, 742 (2001)"** (the substantive element of unconscionability "traditionally involves contract terms that are so one-sided as to 'shock the conscience' *or that impose harsh or oppressive terms*.") (emphasis added) (citing ***Armendariz*, 24 Cal.4th at 114).** Any one who would knowingly agree to a non-judicial foreclosure, where the illegal bank appointed trustee has the power to foreclosure on your home at his and/or her whim is ludicrous and would have to be out of their minds. The contract is procedural unconscionable if the contract is a standard-form contract, drafted by the party with superior bargaining power, which relegates to the other party the option of adhering to its terms without modification or rejecting the contract entirely."; ***Flores v. Transamerica HomeFirst, Inc.*, 93 Cal.App.4th 846, 853 (2001) (same); *Mercuro v. Superior Court*, 96 Cal.App.4th 167, 174 (2002), *rev. denied*.**

Plaintiffs state emphatically that this court should grant the temporary injunction to allow sufficient time to prove the existence of a voidable contract, the original promissory note, the true ownership of the land and

12

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

Plaintiffs wish to and will amend their complaint to properly plead and present documents that support their intentions and for determination that for the creation of a contract there be a <u>mutual or reciprocal assent</u>. **Sanford v. Abrams (1888) 24 Fla 181, 2 So 373; Ross v. Savage (1913) 66 Fla 106, 63 So 148; McCay v. Sever (1929) 98 Fla 710, 124 So 44; United State Rubber Products, Inc. v. Clark (1941) 145 Fla 631, 200 So 385; Mann v. Thompson (1958, Fla App D1) 100 So 2d 634.**

Being that the Plaintiffs are asking for this court to protect their due process rights and stay the pending foreclosure sale and provide the Plaintiffs with their right to a determination of the issues for the Plaintiffs never agreed to a non-judicial foreclosure and the And/or any creditor must prove compliance with all the terms and conditions and specifically consideration and substantiate <u>actual assent by the parties</u> upon <u>exactly the same matters is indispensable to the formation of a contract.</u> **Bullock v. Hardwick (1947) 158 Fla 834, 30 So 2d 539: Hettenbaugh v. Keyes-Ozon - Fincher Ins. , Inc (1962, Fla App D3) 147 So 2d 328: General Finance Corp. V. Stratton (1963 Fla App D1) 156 So 2d 664.**

It is Plaintiffs contention that Defendants Indymac/FDIC and/or any creditor pre-selection of their trustee without any input from the Plaintiffs is

13

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

not only illegal but ranks of a conspiratorial nature for the appointed trustee is a repeat player and never supports the Plaintiffs for the trustee makes the greatest majority of their money on foreclosures. They seek to seize the Brisbane family home from the plaintiffs. This prearranged conspiratorial agreement is substantively and procedurally unconscionable and being that there were no essential elements of a contract the non-judicial action are nothing more than a well planned to steal the real property of the inspecting American people through an expansion and a contraction of the total money supply, thus denying the very elements of the people's constitutional rights to life, liberty and the pursuit of happiness.

Plaintiffs informs this court of their constitutional duty (Oath) that this court is required to under their Constitutional oath to protect and defend the constitutional rights of the individual against this corporate giant and ask this court to protect the Defendant's rights according to the "Law of the land," "due process of law," and "due course of law" are synonymous. **People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531.**

14

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

The term "due process of law," as used in the federal constitution, has been repeatedly declared to be the exact equivalent of the phrase "law of the land" as used in the **Magna Charta. 16 Am. Jur. 2d 547;**

Plaintiffs hereby state that if this court should deny their request for Due Process of Law, or Law of Land that this court has to protect the Bouyers rights to have this case heard and the issues judicially determined and any other arrangement would be a great travesty upon our million boys and girls who lost their lives in the protection of this country from all it's enemy, both domestic and foreign. **Kansas Pac. RY. CO. V Dunmeyer 19 KAN 542; Murray v. Hoboken Land Co., 59 U.S. (18 How) 272.**

Plaintiffs state that Amendment V of the Constitution of the United States provides the same answer being raised by the Defendants that: **"No person shall be deprived of life, liberty, or property without due process of law. A similar provision exists in all the state constitution; the phrases "Due Course of Law", and the "Law of the Land" are sometimes used; but all three of these phrases have the same meaning and that applies conformity with the ancient and customary**

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

**laws of the English people or laws indicated by parliament. Davidson v. New Orleans 96 U.S. 97, 24, L Ed 616.**

When the responsibilities of lawmaker, prosecutor, judge, jury, and disciplinarian are thrust upon a judge, he is obviously incapable of holding the scales of justice perfectly fair and true, and reflecting impartially on the guilt or innocence of the accused. He truly becomes the judge of his own cause. The Bouyers and their family home is seized under color of law …plaintiffs are thus denied an indispensable element of the due process of law. **Fisher v. Pace, 336 U.S. 155, 167.**

Plaintiffs states that if the foreclosure sale is held on Friday June 17, 2009, then defendants will seek possession as well as title to Bouyer's home and send Sheriff's Department to use excessive force to evict two elderly people when this court is perfectly aware of the fraud being perpetrated in the banking system in direct contradiction to the due process clause and it is direct threat to the very existence to this nation and Defendants further states that due process not only applies when one's physical liberty is threatened but also where a person's good name, reputation, honor or integrity are at stake. **Gotkin vs Miller, 514, F.2d 125 C.A. N.Y. 1975).**

16

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

WHEREFORE, Plaintiffs ask this court to be open minded to the real issues being presented before this Court by the Plaintiffs and ask this court for fair and impartial hearing based upon defendants contents of this document.

Unnecessary injury to the Plaintiffs can be prevented only by entry of a preliminary injunction based upon true material facts in dispute that turn this case up-side with questions that needs to be answered through discovery and disposition to ascertain who are the real creditors, the real and legal trustees, the real and legal grantors, the real and legal assignees, and the real and illegal actions of certain parties and who actually submitted false and misleading documents thus violating state and federal laws by filing falsified documents in an attend to mislead and maliciously use the judicial proceeding in an improper method.

A judicial determination that IndyMac and its successors in receivership Federal Deposit Insurance Corporation and its Attorney at Law, willfully acted to defraud the Defendants of its family Brisbane property and Bouyers' filed and publically noticed priority secured interest which exceeds $2,160,418.00 noticed in their UCC filings by claiming

17

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

trustee status when the real trustee has to be determined by this court to avoid due process rights violations against the Defendants.

This Court should force the And/or any creditor prove consideration was given to the Defendants by producing the books and records of the real lender to substantiate indebtedness of the Defendants to the And/or any creditor's or vise-versa in the name of justice and to provide for an honest judiciary determination.

Bouyers seek only that the immediately pending auction sale be stayed so that the parties can have their due date in court to prove the improper activities of the opposition and the newcomer receiver FDIC for Indymac.

Bouyers therefore, seeks a stay of pending auction sale of the Brisbane family home and begs this court to grant a temporary restraining order and injunctive and declaratory relief as prescribed herein above.

Dated:  June 17, 2009          Respectfully submitted,

MITCHELL E. BOUYER, SR. Plaintiff

MARTHA E. BOUYER, Plaintiff

18

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

AFFIDAVIT in SUPPORT OF RELIEF FROM VOID JUDGMENT
AND MOTION FOR INJUNCTIVE AND DECLATORY RELIEF

## AFFIDAVIT

We, the Plaintiffs, Mitchell E. Bouyer, Sr. and Martha E. Bouyer,
being of adult age, competent to testify, do state that the truths and facts
herein are based upon my understanding, beliefs, information and first
hand requisite personal knowledge do hereby state under the Perjury
Clause do hereby state and proclaim that the following information is true,
correct, complete, certain, not misleading so help us God.

1.    Affiant is of legal age and competent to testify.

2.    Affiant has first hand knowledge of the facts stated herein.

3.    Affiant hereby declares that there are indeed material facts in
      dispute regarding the trustees, grantor, and hereby declares based
      upon their information that Mitchell E. Bouyer, St. and Martha E.
      Bouyer are the real and legal trustees of said questioned property
      and this can be proven if given a chance in the name of justice and
      honesty..

4.    Affiant has presented only the verified truth and is willing to take the
legal detriment if any of their statement are false and misleading and the
information inserted into this referenced documents are true and accurate
to the best of their understanding, beliefs, knowledge and information and
further declares that they have not provided any misleading information
and/or statements.

5.    Affiant has not seen or been presented with any facts or evidence
that will withstand a Rule of Evidence challenge and further states that the
And/or any creditor and IndyMac and FDIC are deliberately misleading

19

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

this court.  We make this declaration in support of our emergency
application to this court to stay the pending auction sale of our family
home which is set for Friday, June 19, 2009 at noon.  We ask the court to
forgive the late hour of this application which was delayed by our
mistaken belief that FDIC receiver for IndyMac would honor its promises
to stay the sale.  At the last moment they are moving forward to seize our
family home without working through any modification that we thought
was moving forward.

6.      Affiant has not seen or been presented with any facts or evidence
that the "Foreclosure is legal and in the best interest of justice.   The
subject property is the family home built and resided in by these senior
citizens in a unique side overlooking the bay that is coveted by
defendants who seek to seize their land and abuse us because we are
senior citizens who are easy targets for their gain.

7.      Affiant has not seen or been presented with any fact or evidence
that the Plaintiff and/or any creditor or any other alleged creditor is an
injured party because of any indebtedness on behalf of the Defendants.

8.      Affiant has not seen or been presented with any fact or evidence
that Defendants and/or any creditor is the real holder in due course and
believes that none exists.

9.      Affiant has not seen or been presented with any fact or evidence
that Defendants and/or any creditor has in its possession the Original
Unaltered Promissory Note and believes that none exists.

10.     Affiant has not seen or been presented with any fact or evidence
that Defendants and/or any creditor is the owner of the Original Unaltered
Promissory Note and believes that none exists.

11.     Affiant has not seen or been presented with any fact or evidence
that Affiant is not the real trustee having funded his own demand deposit
account.

12.     Affiant has not seen or been presented with any fact or evidence
that Defendants and/or any creditor is the real trustee and has the legal

20

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

right and/or contract right to foreclose for failure to give and/or prove consideration and believes that no contract exist that proves consideration.

13.    Affiant has not seen or been presented with any fact or evidence that Defendants and/or any creditor and/or any creditor lent its money 12 USC, CHAPTER 24, on the purported loan, and believes that none exists.

14.    Affiant has not seen or been presented with any fact or evidence that Denfendants and/or any creditor lent its Depositor's assets on the purported loan, and believes that none exists.

15.    Affiant has not seen or been presented with any fact or evidence that Denfendants and/or any creditor use a Double Ledger entry in the Customer Transaction Account for the purported loan and believes that none exists.

16.    Affiant has not seen or been presented with any fact or evidence that Denfendants and/or any creditor followed GAAP principles in the transaction of the purported loan and believes that none exists.

17.    Affiant has not seen or been presented with any fact or evidence that Denfendants and/or creditor did not alter the Original Promissory Note by affixing an Alonge to the Note and believes that none exists.

18.    Affiant has not seen or been presented with any fact or evidence that Denfendants and/or any creditor can demand and require payment in any particular form of money and believes that none exists.

19.    Affiant has not seen or been presented with any fact or evidence that HJR 192 and Public Law 73-10 does not apply in this instant matter, and believes that none exists.

20.    Affiant has not seen or been presented with any fact or evidence that the pleadings submitted by INDYMAC/FDIC to the court were true, correct, complete, and not misleading, and believes that none exists.

21

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

21.     Affiant has not seen or been presented with any fact or evidence that the submissions submitted to the court by INDYMAC/FDIC were sworn under penalty of perjury and believes that none exists.

22.     Affiant has not seen or been presented with any fact or evidence that all of the paperwork entered into the court is not heresy and believes that none exists.

23.     Affiant has not seen or been presented with any fact or evidence that Denfendants AND/OR ANY CREDITOR or foreclosing Company is not prohibited by the National Bank or Currency Act of June 3, 1864 at 13 Stat. 99. Chp. 106 sections 8, 27, 28, 35, 37, & 39 and Title 62, sections 5187, 5201, & 5207, of the Revised Statutes of the United States from countersigning or delivering any of its circulating notes to any association, company, or person, and believes that none exists.  To wit:  "No officer acting under the provisions of this Title shall countersign or deliver to any association, or to any other company or person, any circulating notes contemplated by this Title, except in accordance with the true intent and meaning of its provisions.  Every officer who violates this section shall be deemed guilty of a high misdemeanor, and shall be fined not more than double the amount so countersigned and delivered, and imprisoned not less than one year and not more than fifteen years" and believes that none exists.  This section has been codified into Title 18 Section 334.

24.     Affiant has not seen or been presented with any fact or evidence that the following U.S. Statutes at Large and their corresponding Code Sections preclude Plaintiffs from bringing any claim and believes that none exists.  i.e.: the National Bank or Currency Act of June 3, 1864 at 13 Stat. 99, Chp. 106, sections 8, 27, 28, 35, 37, & 39 and Title 62 Sections 5187, 5201, & 5207 of the     Revised Statutes of the United States, states: "No association shall hereafter offer or receive United States notes or national bank notes as security or as collateral security for any loan of money, or for a consideration to agree to withhold the same from use, or offer or receive the custody or promise of custody of such notes as security, or as collateral security, or as consideration for any loan of money.  Any association offending against the provisions of this section shall be deemed guilty of a misdemeanor, and shall be fined not more than one thousand dollars and a further sum equal to one-third of the money so

22

loaned.  The officer or officers of any association who shall make any such loan shall be liable for further sum equal to one-quarter of the money loaned; and any fine or penalty incurred by a violation of this section shall be recoverable for the benefit of the party bringing such suit."  This section has been codified at Title 12, Section 582U.

25.  We have been in contact with FDIC and IndyMac representatives who alleges that they were preparing loan modification arrangements and promised to send us documents and our home would not be auctioned.  They are too busy to return our calls and place us on hold and then give us false promises to get back to us.

26.  We believed that the receiver was sending modification documents and would stay any foreclosure sale and apologize to the court for seeking this remedy at this late hour.  We seek protection of the court to save our home from their greed and rush to evict us when we have the priority standing.  We respectfully request a stay of the immediately pending foreclosure sale  now set for Friday, June 19, 2009 at noon.

Further, Affiant saith not, and believes that none exists.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  the 17th day of the June, 2009,  the sixth month, in the year 2009. in Brisbane, California

MITCHELL E. BOUYER, SR. Plaintiff

MARTHA E. BOUYER, Plaintiff

23

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFFS' EX PARTE APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER TO STAY PENDING FORECLOSURE SALE; DECLARATION OF MITCHELL E. BOUYER AND MARTHA E. BOUYER; PROPOSED ORDER.** has been furnished to counsel for defendant Federal Deposit Insurance Corporation, as Receiver For Indymac Bank, FSB and as Conservator For Indymac Federal Bank:

Janice Vaughn Mock
Patrick J. Richard
Nossaman LLP
50 California Street, 34th Floor
San Francisco, CA 94111

Tel. 415.398.3600

Facsimile: 415.398.2438

by fax and U.S. mail with sufficient postage affixed to, this 17th day of June, 2009.

Declarant

24

EMERGENCY APPLICATION FOR STAY OF AUCTION SALE