IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL AND MARTHA BOUYER,<br><br>        Plaintiffs,<br><br>  v.<br><br>INDYMAC FEDERAL BANK,<br><br>        Defendant.<br>_____/ | No. C-08-05582 EDL<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION** |

Plaintiffs Mitchell and Martha Bouyer filed a complaint in this case on December 15, 2008. In their complaint, Plaintiffs do not seek injunctive relief. Rather, they seek monetary damages, asserting claims for fraud, usury, abuse of process, intentional infliction of emotional distress, and trespassing. Plaintiffs named Indymac Federal Bank as the Defendant in their complaint, even though it already was in receivership. On March 4, 2009, the Federal Deposit Insurance Corporation ("FDIC") filed an ex parte special appearance to notify the Court of the receivership of Indymac Bank. The FDIC noted that as Receiver of IndyMac Bank, FSB, and as Conservator of IndyMac Federal Bank, FSB, it was the proper party in this case as a Receiver for IndyMac Bank, FSB. The FDIC also noted that an administrative process was underway wherein the Plaintiffs' claims against IndyMac Bank, FSB must be submitted to the Receiver for review before the litigation could continue. See 12 U.S.C. § 1821(d)(3)-(8), 13(D). The Court referred Plaintiffs to the pro se help desk multiple times and ordered Plaintiffs to file an amended complaint against the proper party. The Court also informed the Plaintiffs that they needed to follow the administrative process detailed in the FDIC's letter.

Plaintiffs have now filed an "amendment to complaint to substitute a new defendant party." However, as the FDIC notes, Plaintiffs have not properly served their complaint on the FDIC. While

the FDIC sent a letter to Plaintiffs listing their agents for service of process in the State of California, proper service has still not been made. Nor has a summons been issued, which is required when an amended complaint adds a new party. See Fed. R. of Civ. Pro. 4.[1]

On June 17, 2009, Plaintiffs filed an ex parte application for a preliminary injunction and a temporary restraining order, seeking an emergency stay of the pending foreclosure auction sale of their home set for this Friday, June 19, 2009. A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., __, U.S. __, 129 S.Ct. 365, 374 (2008). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See, e.g., New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

In addition, there are numerous procedural requirements for filing an application for a temporary restraining order ("TRO"). To obtain a TRO without notice, an applicant must file an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and a written certification of the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In addition, the court may issue a temporary restraining order or a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. Pro. 65(c). Under the local rules, the application for a TRO must be accompanied by a proposed order in the form set forth in Civil Local Rule 65-1, and, unless the judge orders otherwise based on a showing by the applicant of good cause, on or

---

[1] To the extent that this order may be dispositive, the Court does not require the consent of Defendant FDIC, because Defendant has not been served and therefore is not a party under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

before the day of an ex parte motion for a TRO, counsel must deliver notice of such motion to the opposing counsel or party. Civil Local Rule 65-1.

Regrettably, numerous procedural defects affect Plaintiffs' application. On June 18, 2009, shortly before noon, the FDIC faxed an ex parte letter responding to Plaintiffs' application and provided a copy to Plaintiffs via regular mail and fax. The FDIC states that it no longer controls the mortgage to the property that is apparently the subject of the foreclosure identified in Plaintiffs' ex parte application, as a result of a loan sale agreement with OneWest Bank. In fact, the FDIC notes that it is uncertain who actually owns the subject property inasmuch as the deed records reflect that Plaintiffs sold the property for $10.00 to "The City of Stars Ministry" six months ago. See June 18, 2009 Letter from FDIC ("FDIC Letter"), Ex. A. While Plaintiffs served their complaint on IndyMac, they have not properly served their summons and complaint on the FDIC as required by Federal Rule of Civil Procedure 4.[2] While Plaintiffs have provided the FDIC with notice of their application for a TRO, they apparently have not provided notice to the foreclosing party, nor have they provided an affidavit describing efforts to give notice to the foreclosing party. In any event, since the FDIC does not have control over the mortgage, Plaintiffs have not identified the proper party to enjoin, nor have they apparently properly named and served that party. (In addition, Plaintiffs have failed to provide a proposed order with their application as required under the Local Rules, although the Court would not deny them relief on that basis.)

Plaintiffs have demonstrated irreparable harm, and the Court is concerned by Plaintiffs' representation that they are senior citizens with special medical needs, who thought that they had staved off foreclosure, but now face immediate loss of their home. Nonetheless, the Court is powerless to issue the relief requested because Plaintiffs have not met the other requirements for obtaining the ruling that they seek. Plaintiffs allege numerous claims in their complaint, but describe very few specific facts in their complaint. In their claim for fraud, they note that they entered into an agreement regarding their property at 88 Beatrice Road, Brisbane, California, but that Defendants "failed to disclose certain facts that they were necessarily required to disclose" and

---

[2] The Court also notes that as to Plaintiffs' claims against FDIC, it appears that Plaintiffs must follow the specified administrative procedure set forth in the FDIC's letter to Plaintiffs, as noted above.

3

1 "conceal[ed] such facts." Compl. ¶ 9. Plaintiffs claim Defendants "concealed material facts" to
2 "illegally steal the property of the Plaintiff(s)." Compl. ¶ 12. Such allegations do not meet the
3 heightened pleading standards for fraud required by Federal Rule of Civil Procedure 9(b). Their
4 claims for usury, abuse of process, intentional infliction of emotional distress, and trespassing are
5 also very conclusory and do not appear to meet the requirements of Federal Rule of Civil Procedure
6 8. Thus, at this stage of the litigation, Plaintiffs have not shown a likelihood of prevailing on the
7 merits as required to obtain a TRO.

8 In any event, it appears that Plaintiffs, via their application for injunctive relief, seek to add a
9 claim to stop non-judicial foreclosure of their home. However, under California law, a defaulted
10 borrower "is required to allege tender of the amount of [the lender's] secured indebtedness in order
11 to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Savings
12 Bank, 43 Cal. App. 4th 1101, 1109 (1996). An action to set aside a foreclosure sale, unaccompanied
13 by an offer to redeem, does not state a cause of action which a court of equity recognizes. Karlsen v.
14 American Sav. & Loan Assn., 15 Cal.App.3d 112, 117-18 (1971). Plaintiffs have neither pled nor
15 offered anything to suggest a tender to pay their debt. Plaintiffs, therefore, have not satisfied the
16 standard set forth by the Supreme Court in Winter, and have not met their burden as the party
17 seeking injunctive relief. While the Court sympathizes with Plaintiffs, they have not satisfied the
18 other factors besides irreparable injury required to obtain preliminary injunctive relief.

19 Accordingly, for the reasons set forth above, Plaintiffs' application is DENIED. Plaintiffs
20 are further instructed to effectuate proper service on the proper parties in this case no later than **July**
21 **20, 2009.** Plaintiffs are again directed to the pro se help desk and pro se manual for assistance, as
22 described in this Court's prior orders.

23 **IT IS SO ORDERED.**

24 Dated: June 18, 2009

25 ELIZABETH D. LAPORTE
United States Magistrate Judge

4